IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARCUS PRYOR, #M14114**, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:21-cv-00528-SMY |
| | ) |
| **T. ATKINS,** | ) |
| **MAJOR WHEELER,** | ) |
| **COUNSELOR PARROTT, and** | ) |
| **MAJOR WHELAN,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Marcus Pryor, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Internal Affairs Officer T. Atkins placed Plaintiff in segregation pending investigation on January 7, 2020. Plaintiff received a copy of the investigative disciplinary report on January 8, 2020 which showed his placement in segregation on investigative status was authorized by J. Whelan. A second investigative disciplinary report was issued on February 10, 2020 by Atkins and approved by Major Wheeler that extended Plaintiff's confinement in segregation on

investigative status. Between January and March 2020, Plaintiff wrote several offender request slips and two grievances to Counselor Parrott asking about his television, commissary shop, telephone calls, reclassification, transfer, and his status in segregation after 30 days. Counselor Parrott did not take any action to assist him. Plaintiff was released from segregation on March 6, 2020.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Fourteenth Amendment due process claim against Defendants for the false disciplinary reports and Plaintiff's confinement in segregation from January 7 to March 6, 2020.
>
> Count 2: Eighth Amendment conditions of confinement claim against Defendants for denying Plaintiff his television, commissary shop, and phone calls while in segregation from January 7 to March 6, 2020.
>
> Count 3: First and/or Fourteenth Amendment due process claim against Counselor Parrott for mishandling Plaintiff's grievances and failing to investigate Plaintiff's complaints from January to March 2020.
>
> Count 4: Claim for violations of IDOC policies against Defendants.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Plaintiff alleges Defendants violated his Fourteenth Amendment rights regarding his placement in segregation. To state a Fourteenth Amendment claim, Plaintiff must sufficiently

allege that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court analyzing such a claim in the context of inmate disciplinary actions must consider (1) whether there was a protected interest at stake that necessitated due process protections and (2) whether the disciplinary proceedings were conducted in accordance with procedural due process requirements. *Id*.

Here, Plaintiff does not allege a protected liberty interest sufficient to invoke due process protections. There is no protected liberty interest in loss of privileges such as the denial of his television, commissary shop, and phone calls. *See Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases) (there is no protected liberty interest implicated in loss of privileges). Additionally, the 59 days he spent in segregation on investigative status does not implicate a protected liberty interest. *Id.* at 761 (temporary confinement and investigative status have been determined to be discretionary segregation, and do not implicate a liberty interest); *Lekas v. Briley*, 405 F.3d 602, 609, 613 (7th Cir. 2005). Even if Plaintiff had been placed in disciplinary segregation for 59 days, he has not pled facts implicating a protected liberty interest. *See Beaman v. Pollard*, 711 F. App'x 794 (7th Cir. 2018) (four months in disciplinary segregation without conditions imposing an atypical and significant hardship does not implicate a protected liberty interest); *Lekas*, 405 F.3d at 612 (noting that 90 days in disciplinary segregation was "still not so long as to work an atypical and significant hardship"); *Thomas*, 130 F.3d at 754 (no protected liberty interest where inmate spent 70 days in disciplinary segregation). Accordingly, Count 1 will be dismissed for failure to state a claim.

**Count 2**

Plaintiff alleges Defendants violated his Eighth Amendment rights regarding his placement in segregation. Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Two elements are required to establish a constitutional violation. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element—establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Id.* at 842.

Plaintiff does not allege any conditions that deprived him of food, medical care, sanitation, or threatened his physical safety. The allegations that he was deprived of his television, commissary shop, and phone calls do not implicate the Eighth Amendment. As such, Plaintiff fails to state a claim for unconstitutional conditions of confinement. Count 2 will be dismissed.

**Count 3**

Plaintiff alleges Counselor Parrott failed to investigate his complaints and mishandled his grievances. The Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened. *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012). Therefore, prison officials incur no liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Watson v. Dodd*, No. 16-CV-1217-NJR, 2017 WL 120951, at *6 (S.D. Ill. Jan. 12,

2017); *Wilkins v. Illinois Dep't of Corr.* No. 8-cv-732-JPG, 2009 WL 1904414, at *9 (S.D. Ill. July 1, 2009).

Further, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). And, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, Plaintiff fails to state a viable claim against Counselor Parrott for allegedly failing to investigate his complaints and mishandling his grievances. Count 3 will be dismissed.

### Count 4

Plaintiff alleges violations of IDOC regulations and policies regarding his confinement in segregation. However, § 1983 cannot be used to enforce IDOC regulations and policies, *Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010), nor is there a liberty interest arising from IDOC policies and/or procedures, *James v. Pfister*, 708 F. App'x 876, 879–80 (7th Cir. 2017); *see also Ashley v. Snyder*, 739 N.E.2d 897, 902 (Ill.App.Ct. 2000) (prison regulations were "never intended to confer rights on inmates or serve as a basis for constitutional claims"). Count 4 fails to state a claim and will be dismissed.

### Disposition

Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a First Amended Complaint within thirty days of

5

the date of this Order.[1] The First Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915A. Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 21-528). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order and/or for failure to

---

[1] Based on the factual allegations, it does not appear that Plaintiff can state a constitutional violation. However, out of an abundance of caution, the Court will allow Plaintiff an opportunity to file an amended complaint if he so chooses.

prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a **continuing obligation to keep the Clerk of Court informed of any change in his address**; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution**. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED: **June 16, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**